IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **SHAUNA L. RADFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-05088-MDH** |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Social Security Administration Commissioner's denial of her application for a period of disability and social security disability benefits. Plaintiff has exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds the Commissioner's decision is supported by substantial evidence in the record as a whole. Therefore, the decision is **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are found in the record and the parties' briefs, so they are only summarized here. On November 16, 2022, Plaintiff applied for a period of disability and social security disability benefits,[1] which were denied. They were denied again upon reconsideration eight months later. Plaintiff timely filed a request for an administrative law judge ("ALJ") hearing, which was held on September 17, 2024. The ALJ issued an unfavorable

[1] The record shows that Plaintiff filed a claim for a period of disability, disability insurance benefits, and supplemental security income. (Notice of Appeals Council Action - Doc. 6-3, p. 6; ALJ Decision - Doc. 6-3, p. 18).

decision. Plaintiff timely filed for review before the Appeals Council, which concluded there was no basis to grant her request for review.

The ALJ found Plaintiff suffers from the following severe impairments: lumbar degenerative changes with disc bulge and central canal stenosis; obesity; substance use; and benign paroxysmal positional vertigo.[2] After finding these impairments did not meet or equal a listed impairment, the ALJ determined Plaintiff retains the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes, scaffolds, ramps and/or stairs; she can frequently balance, stoop, kneel, crouch and crawl; she must avoid concentrated exposure to vibration; and she cannot work around hazards including unprotected heights and uncovered moving machinery.

The ALJ concluded Plaintiff has no past relevant work. On appeal, Plaintiff brings three arguments: (1) after finding Plaintiff's mental impairments to be non-severe at Step 2, the ALJ never addressed the effects of all Plaintiff's impairments, in combination, on her ability to sustain work-related tasks on a full-time basis; (2) the ALJ did not support or explain her finding that Plaintiff's statements are not entirely consistent with the evidence; and (3) the ALJ failed to support her assessments of the opinions of non-examining state agency consultants.

## STANDARD OF REVIEW

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find

[2] The ALJ also found Plaintiff had the following non-severe impairments: elevated liver enzymes; history of MSRA; history of cervical cancer; gastroesophageal reflux disease (GERD); dysfunction of eustachian tubes; treated tinnitus; herpes; COVID 19; anxiety disorder for which the claimant testified she no longer takes medication due to improvement in related symptoms; and bunions.

adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw to inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

## DISCUSSION

After a full and careful review of the record and the parties' briefs, the Court affirms the Commissioner's decision for the reasons set forth herein.

Plaintiff contends, in part, that the Commissioner's decision should be reversed because the ALJ did not address the effects of all Plaintiff's impairments, in combination, on her ability to sustain work-related tasks on a full-time basis. Plaintiff also argues that the ALJ failed to support or explain her finding that Plaintiff's subjective reports of symptoms were not consistent with the evidence of record. Finally, Plaintiff argues that the ALJ failed to support her assessments of the non-examining State agency consultants' opinions.

The ALJ properly considered Plaintiff's alleged limitations. The ALJ found that Plaintiff's mental impairments are non-severe and do not cause more than minimal limitation in her ability to perform basic mental work activities. The judge then explicitly noted that "[a]lthough the noted impairments are nonsevere, the undersigned considered all the claimant's impairments and related symptoms and limitations in completing the functional capacity assessment set forth in this

decision." Later, she again stated that in determining Plaintiff's RCF, "the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."

In Step 5, the ALJ supported her finding that Plaintiff's statements were not entirely consistent with the record: although Plaintiff reported her daily pain to be a 7 or 8 on a scale of 10, the judge explained that Plaintiff's reported day-to-day activities are in excess of what would normally be expected of someone with pain to that scale. The ALJ also noted Plaintiff reported only mild pain at the disability hearing and that Plaintiff testified that her anxiety has lessened to the point where she does not take medication for it anymore.

Also in Step 5, the ALJ found persuasive the non-examining State agency assessments of Plaintiff by Drs. Dennis McGraw, D.O., and Raphael Smith, Psy.D. (Dr. Smith finding that Plaintiff's mental impairments are "non-severe[,] causing no more than mild limitations"; Dr. McGraw finding that "all potentially applicable Medical-Vocational Guidelines would direct a finding of "not disabled"). The ALJ reasoned that the assessments cite "substantive evidence in support of [their] conclusions." The judge then goes even further and adds additional limitations for Plaintiff to Dr. McGraw's assessment.

The record shows that the ALJ made factual determinations regarding the above evidence through proper analysis of Plaintiff's impairments in total. The ALJ properly considered Plaintiff's subjective complaints regarding her symptoms, the reports of medical and psychological professionals, and Plaintiff's own assertions regarding her ability to function on a day-to-day basis. Based upon the record, the Court finds that the ALJ properly considered Plaintiff's alleged limitations and that there is substantial evidence in the record to support the ALJ's RFC. Therefore, the ALJ's RFC is affirmed.

## CONCLUSION

For the reasons stated herein, the Court finds the Commissioner's decision is supported by substantial evidence in the record as a whole. Therefore, the Commissioner's denial of benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: November 12, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**